UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NICOLE WILSON & BRENDEN WILSON**<br>            **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| ) | **JURY TRIAL** |
| ) | **CLAIMED** |
| **v.** ) | |
| ) | |
| **ADMIN RECOVERY, LLC &** ) | |
| **TD BANK, N.A.** ) | |
|            **Defendants** ) | |
| ) | **JUNE 22, 2011** |

## COMPLAINT

1.  This is a suit brought by two consumers who have been harassed by the defendants' debt collection practices.  This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* and includes pendent claims brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645 *et seq.*

2.  Plaintiff Nicole Wilson is a natural person residing in Vernon, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3.  Plaintiff Brenden Wilson is a natural person residing in Vernon, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3) and is the husband of Plaintiff Nicole Wilson.

4.  Defendant Admin Recovery, LLC ("Admin Recovery") is a Foreign Limited Liability Company engaged in the practice of debt collection in Connecticut and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

5.  Defendant TD Bank, N.A. ("TD Bank") is a National Bank that routinely provides financing to Connecticut residents for the purchase of consumer related products.

6.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

7.  This Court has jurisdiction over Admin Recovery because it engages in debt collection within Connecticut.

8.  This Court has jurisdiction over TD Bank because it engages in business within Connecticut.

9.  Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

10. TD Bank claimed that Plaintiff Brenden Wilson owed it a consumer debt related to a Namco account (the "Account") that was used to purchase an above-ground swimming pool.

11. In or around the end of 2010, TD started calling Plaintiffs in an attempt to collect on the Account; Plaintiff Nicole Wilson took some of those calls and spoke with TD Bank representatives, and she told those representatives that Plaintiffs were filing for bankruptcy and that the allege debt associated with the Account was going to be included in their bankruptcy filing, and she provided them with Plaintiffs' bankruptcy

attorney's address and other contact information and requested that TD Bank direct all future communications not to Plaintiffs but to their bankruptcy attorney.

12. TD Bank continued to telephone Plaintiffs in an attempt to collect on the Account notwithstanding already having the name, address, and phone number for Plaintiffs' bankruptcy attorney, and in the process, it left messages for Plaintiffs that failed to state that it was attempting to collect a debt.

13. In or around January 2011, notwithstanding having been informed of Plaintiffs' bankruptcy and provided with contact information for their bankruptcy attorney, TD Bank assigned the Account to a debt collector named Remex Revenue Management ("Remex") for debt collection purposes, and on or around January 28, 2011, Remex sent Plaintiffs a letter in an attempt to collect on the Account.

14. Sometime in February 2011, Plaintiff Nicole Wilson called Remex in response to the aforementioned letter and spoke with a Remex representative; during that conversation, the aforementioned Remex representative told her that Remex already had on file contact information for Plaintiffs' bankruptcy attorney.

15. TD Bank subsequently sold the Account to Admin Recovery, and Admin Recovery began telephoning Plaintiffs in an attempt to collect the Debt.

16. On or around April 4, 2011, in an attempt to collect on the Account, Admin Recovery called Plaintiffs' home and left a message, and on that message, Admin Recovery failed to state that it was a debt collector, and it failed to state that it was attempting to collect a debt from Plaintiffs; also on that message, Admin Recovery stated that Plaintiffs needed to contact Admin Recovery to arrange the repossession of the above-ground pool.

17.  On or around April 7, 2011, an Admin Recovery representative called Plaintiffs' home in an attempt to collect on the Account and spoke with Plaintiff Nicole Wilson, and during that conversation, she attempted to give Plaintiffs' attorney's contact information to that Admin Recovery representative, but that representative repeatedly interrupted her as she tried to do so, and that representative told her that the Account regarded a secured debt, that Admin Recovery needed to collect it, and that representative proceeded to question Plaintiff Nicole Wilson about the location and status of the swimming pool.

18.  Admin Recovery continued to leave messages threatening to repossess the swimming pool, however, Admin Recovery never repossessed the above-ground pool notwithstanding its threats to do so; nevertheless, those threats caused Plaintiff Nicole Wilson emotional distress in the form of worry and anxiety, as she worried that strangers might show up to Plaintiffs' home at any moment to repossess the pool, and that it might happen while Plaintiffs' children were at home and cause Plaintiffs shame and embarrassment.

19. Admin Recovery violated the FDCPA, CCPA, and CUTPA by its collection activities described above, and TD Bank violated the CCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiffs seek from Admin Recovery recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-646; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and Plaintiffs seek from TD Bank recovery of actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-646; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, NICOLE WILSON & BRENDEN WILSON**

By: _____

    Daniel S. Blinn, Fed Bar No. ct02188
    Matthew W. Graeber, Fed Bar No. ct27545
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd., Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax (860) 571-7457